**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Robert McKay**, <br><br> Plaintiff, <br><br> vs. <br><br> **BMJ Recovery LLC**, an Arizona limited liability company, and **Billy Montez Jr. and Jane Doe Montez**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Robert McKay ("Plaintiff" or "Robert McKay"), sues the Defendants BMJ Recovery LLC and Billy Montez Jr. and Jane Doe Montez, (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

-1-

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, BMJ Recovery LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant BMJ Recovery LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant BMJ Recovery LLC owned and operated as "BMJ Recovery," a vehicle repossession company in Phoenix, AZ.

10. Under the FLSA, Defendant BMJ Recovery LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant BMJ Recovery LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant in relation to the company's employees, Defendant BMJ Recovery LLC is subject to liability under the FLSA.

11. Defendants Billy Montez and Jane Doe Montez are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Billy Montez and

Jane Doe Montez are owners of BMJ Recovery LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Billy Montez and Jane Doe Montez are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Billy Montez and Jane Doe Montez had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendant BMJ Recovery LLC in relation to the company's employees, Defendants Billy Montez and Jane Doe Montez are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

27. Defendants own and/or operate as BMJ Recovery, an enterprise located in Maricopa County, Arizona.

28. Plaintiff was hired by Defendants in approximately February 2022.

29. At all relevant times, Plaintiff worked for Defendants through approximately April 9, 2022.

30. At all relevant times, in his work for Defendants, Plaintiff worked as a tow truck driver and repossession agent.

31. Defendants, in their sole discretion, paid Plaintiff $500 per week, regardless of how many hours he worked in a given workweek.

32. Defendants generally required Plaintiff to work between 45 and 54 hours per week.

33. The schedule that Defendants assigned Plaintiff was 12 p.m. to 9 p.m., Monday through Friday, and sometimes Monday through Saturday.

34. Regardless of his schedule, Plaintiff's weekly rate of pay did not change.

35. Defendants classified Plaintiff as W-2 employee.

36. At all relevant times, Defendants paid Plaintiff on a weekly basis.

37. During his final workweek with Defendants, Plaintiff worked approximately 54 hours.

38. During his final workweek, Defendant Billy Montez Jr. terminated Plaintiff's employment because Plaintiff allegedly and inadvertently repossessed the incorrect vehicle.

39. On or around the date that Defendants were supposed to pay Plaintiff's final paycheck, Defendants refused to pay Plaintiff the wages due and owing to him.

40. Plaintiff thereafter attempted to contact Defendant Billy Montez Jr. to inquire as to the statute of his final paycheck.

41. However, Defendant Billy Montez never responded to Plaintiff's efforts to obtain his final paycheck.

42. On information and belief, Defendant Billy Montez blocked Plaintiff's phone number after Plaintiff

43. Defendants failed to compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants.

44. Therefore, for the final workweek that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

45. Defendants continue to withhold the wages due and owing Plaintiff for the final workweek of his employment.

46. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

47. As a result of not having paid any wage whatsoever to Plaintiff during his final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

48. As a result of Plaintiff having worked approximately between 45 and 54 hours per week with Defendants, and Defendants' having paid Plaintiff only $500 per

week, regardless of the number of hours he worked, Defendants failed to pay the applicable minimum wage to Plaintiff.

49. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

50. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

51. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

52. Plaintiff was a non-exempt employee.

53. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54. Plaintiff is a covered employee within the meaning of the FLSA.

55. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

57. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

58. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

61. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

62. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Robert McKay, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. As a result of not paying Plaintiff any wage whatsoever for the final pay period of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

65. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

66. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Robert McKay, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

    A.    For the Court to declare and find that the Defendant violated the minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

    C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

    D.    For the Court to award prejudgment and post-judgment interest;

    E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

    F.    Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

69. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

70. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

71. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Robert McKay, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

1        RESPECTFULLY SUBMITTED this 12th day of May, 2022.

                                                            BENDAU & BENDAU PLLC

                                                            By: */s/ Clifford P. Bendau, II*
                                                            Clifford P. Bendau, II
                                                            Christopher J. Bendau
                                                            *Attorneys for Plaintiff*

## VERIFICATION

Plaintiff, Robert McKay, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

                         Robert McKay
                        _____
                         Robert McKay

**Signature:** _RobertMcKay_
Robert McKay (May 12, 2022 08:16 PDT)

**Email:** mckayr711@gmail.com